GEORGE W. MENKE v. STATE OF NEBRASKA.

FILED JANUARY 6, 1904.   No. 13,461.

Constitutional Law:  PEDDLERS:  LICENSE.  Sections 62, 63 and 64, article I, chapter 77 of the Compiled Statutes of 1903, providing for the licensing of peddlers, and denouncing a penalty for their violation, are not void as being in contravention either of the constitution of this state, or of the constitution of the United States, but they are inapplicable to transactions constituting interstate commerce.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE.  *Reversed and dismissed.*

*John S. Kirkpatrick* and *George E. Hager,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *J. L. Caldwell, contra.*

AMES, C.

Section 62, article I; chapter 77 of the Compiled Statutes of 1903, enacts that peddlers plying their vocation in this state shall pay a license tax for the privilege of so doing, and subsequent sections provide the manner of procuring such a license and a penalty for disobedience to the enactment.  The validity of this statute was questioned as being violative of the constitution of this state, but upheld by this court in *Rosenbloom v. State,* 64 Neb. 342.

The plaintiff in error herein, George W. Menke, was prosecuted for alleged violation of the statute, and the prescribed penalty was assessed against him by the lower courts.  The facts upon which the conviction was had are recited in an agreed statement thereof, preserved in the record, as follows:

"That said George W. Menke called at the home of Henry Wrighter with samples of groceries and a price list, and solicited and took an order in writing for certain goods, a copy of said order being left with the said Henry Wrighter, and thereafter sent said order, along with nu-

merous other orders solicited and received in the same manner from divers other persons, by mail to Loverin & Browne Company, a corporation at Chicago, in the state of Illinois, to fill. That said corporation, by its agents and servants, put up the several items of goods named in each order, separately, and then packed the goods thus packed into a large shipping box, and shipped the same to its order to the city of Lincoln, Nebraska. That the said George W. Menke received the same, the said box, and as the agent of the said Loverin & Browne Company, opened the same and delivered the goods therein contained to the said Henry Wrighter and to the several other persons from whom orders had been solicited and taken, receiving the money therefor, and remitted the same to the said Loverin & Browne Company. That each and every of said orders, above mentioned, were taken and said goods delivered within Lancaster county, Nebraska, and outside of an incorporated village, city or town."

The plaintiff in error renews the contention that the law is violative of the constitution of this state, but we regard the decision of this court, above cited, as having set that matter at rest, and decline further to consider it. He further urges that the business in which he was engaged was not that of a peddler within the meaning of the statute, citing several authorities in support of that contention. We are inclined to think it was so, within the common and popular understanding of the meaning of that word, but do not find it necessary to decide that question. Finally, it is argued that the statute is an attempt to regulate intersate commerce, and is void because of contravening the provisions of the constitution of the United States concerning the subject. We can find nothing in the statute having reference to that business, and are therefore unable to sustain this objection. Nevertheless, the conviction will, in our opinion, have to be reversed.

The supreme court of the United States, in *Caldwell v. North Carolina*, 187 U. S. 622, 23 Sup. Ct. Rep. 229, held that transactions substantially identical with those de-

scribed in the above quoted statement of facts, constituted interstate commerce within the meaning of the federal constitution, and are withdrawn by that instrument from state taxation or regulation. That court is the final authority upon the question, and an adverse criticism of its views, even if we differed from them, which we do not, would be not less presumptuous than futile. It does not follow, however, that the statute is void, but that transactions such as those under discussion are not within its operation.

It is recommended that the judgment of the district court be reversed and the action dismissed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the action dismissed.

REVERSED AND DISMISSED.